# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUGRANT ANÍBAL RODRÍGUEZ-DE LEÓN,<br><br>Defendant. | CRIMINAL NO. 16-787 (GAG) |

## REPORT AND RECOMMENDATION
## RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.      Procedural Background**

On December 15, 2016, a grand jury returned an indictment against Lougrant Aníbal Rodríguez-De León (hereinafter referred to as "defendant"). ECF No. 7.  Defendant has agreed to plead guilty to count one of the indictment. Count one charges that on or about December 4, 2016, in the District of Puerto Rico and within the jurisdiction of this court, the defendant, being an alien previously removed from the United States, knowingly and intentionally attempted to enter the United States, without having obtained, prior to their re-embarkation at a place outside the United States, the express consent from the Secretary of Homeland Security, to reapply for admission into the United States; all in violation of Title 8, United States Code, Section 1326(a).

**II.     Consent to Proceed Before a Magistrate Judge**

On May 4, 2017, while assisted by counsel the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment.  In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries

were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

### III. Proceedings Under Rule 11, Federal Rules of Criminal Procedure

#### A. Rule 11(c)(1) Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

#### B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

In response to further questioning, defendant was explained and he understood that if convicted on count one he will face the following penalties: a term of imprisonment of not more than two (2) years, a fine not to exceed $250,000.00, and a term of supervised release of not more than one (1) year.

The defendant was also explained what the supervised release term means. Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

### D. Absence of Plea Agreement

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

### E. Basis in Fact

The defendant admitted that the following proffer of the evidence given by the government is true:

Defendant illegally attempted to re-enter the United States on December 4, 2016 near Aguadilla, Puerto Rico. In particular, on December 4, 2016 at approximately 11:00 pm, an aircraft from the Office of Air and Marine (AOM) detected a Surface Target of Interest (STOI) near Aguadilla Bay heading southeast towards Puerto Rico. The STOI was described as a "yola" type vessel, and with several visible occupants on board. A United States Coast Guard (USCG) Cutter was vectored to position.

On December 5, 2016 at approximately 1:00 am, the USCG Cutter was able to locate and intercept the STOI at about 17 nautical miles from the coast of Aguadilla, PR. All persons on board

the vessel claimed to be undocumented aliens from the Dominican Republic and Haití. For safety reasons, twenty seven (27) Dominican males, one (1) Haitian male and two (2) Dominican females for a total of thirty (30) aliens were transferred to the USCG Cutter. All subjects' fingerprints were entered into the biometrics system. Biometrics revealed that the defendant and 4 other migrants had previous immigration and/or criminal history. The U.S. Border Patrol Ramey Station was informed and arrangements were made to coordinate investigation and custody transfer of the detained illegal migrants who met the Caribbean Border Interagency Group (CBIG) prosecution's guidelines.

Five illegal migrants were transported to the Mayagüez Port of Entry, Puerto Rico. Border Patrol agents were dispatched to investigate. Upon arrival, Border Patrol agents identified themselves as Customs and Border Protection Agents and interviewed the detained individuals as to their citizenship and immigration status in the United States. All subjects, including the defendant, claimed to be citizens and nationals of the Dominican Republic without valid immigration documents to enter the United States legally.

All five subjects were arrested and transported to the Ramey Border Patrol Station for processing and removal proceedings. The remaining subjects were repatriated to the Dominican Republic.

At the Ramey Station, defendant's photograph and fingerprints were taken and entered into the NGI System and subsequent record checks were conducted. Record checks revealed that the defendant has prior immigration history. Border Patrol Agents advised the defendant of his rights to legal representation and was also advised of his right to speak with the consul of his native country.

The defendant attempted to re-enter into the United States at a place other than designated port of entry. The defendant does not have any immigration documents allowing him to enter and/remain in the United States legally and was not inspected, admitted or paroled in the United States by an Officer of the Bureau of Customs and Border Protection.

On March 11, 2016 the defendant was encountered by US Immigration Officers in San Juan PR. The defendant was served with an expedited removal and on March 11, 2016, he was removed from the United States to the Dominican Republic.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G. Administrative Consequences

Defendant was warned, and he understood, that his decision to enter a guilty plea in this case may result in negative or adverse consequences regarding his immigration status in the United States.

### IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, has entered a plea of guilty as to count one of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I

recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 12th day of June, 2017.

s/Marcos E. López<br>
U.S. MAGISTRATE JUDGE